NOT DESIGNATED FOR PUBLICATION

No. 116,615

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THOMAS MARTIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed April 14, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Thomas Martin appeals the district court's decision revoking his probation and ordering him to serve a jail term resulting from a misdemeanor conviction. We granted Martin's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and agrees that summary disposition is appropriate.

On March 28, 2014, Martin pled no contest to felony possession of methamphetamine and misdemeanor possession of marijuana. On May 22, 2014, the district court imposed an 11-month prison sentence for the felony conviction and a consecutive 9-month jail term for the misdemeanor conviction. The district court also placed Martin on probation for 18 months.

1

On August 4, 2016, Martin stipulated to violating his probation by failing to report to his probation officer and testing positive for methamphetamine. The district court imposed a 120-day sanction on the felony conviction, with the understanding that Martin would be released from the custody of the Kansas Department of Corrections (KDOC) when he had fully served his prison sentence. There is nothing about that order which is the subject of this appeal. The district court also ordered that once Martin was released from KDOC custody, he would be required to serve his 9-month jail term on his misdemeanor conviction. Martin appealed from that order.

On appeal, Martin contends that the district court "abused its discretion by ordering him to serve his underlying 9 month jail term." Martin argues that because he was making efforts to provide for his family, the district court should have extended the duration of his misdemeanor probation. However, Martin acknowledges that the decision to revoke probation rests within the district court's sound discretion. The State asserts that the district court did not abuse its discretion in ordering Martin to serve the jail term.

Generally, once the State has proven a violation of the conditions of probation, the decision to revoke probation is within the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1175, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, at the probation revocation hearing, the State pointed out to the district court that Martin continued to violate his probation despite the fact that he already had served a 3-day "quick dip" jail sanction. The State also pointed out that Martin had failed to appear in court numerous times. Although Martin was making efforts to provide for his family, he fails to establish how the district court abused its discretion in revoking his

2

probation and ordering him to serve the jail term for his misdemeanor conviction. The district court's decision to revoke Martin's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Thus, we conclude the district court did not err in revoking Martin's probation and ordering him to serve the jail term for his misdemeanor conviction.

Affirmed.